# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

MICHELLE EVETTE WITHAM,

    Plaintiff,

vs.

EMPLOYMENT APPEAL BOARD and CEDAR RAPIDS LIGHTHOUSE LTD,

    Defendants.

No. C21-0114-LTS-MAR

**INITIAL REVIEW ORDER**

_____

Plaintiff Michelle Witham has filed a pro se complaint (Doc. 1-1) and a motion (Doc. 1) to proceed in forma pauperis. Witham requests review of the denial of her claim for unemployment benefits.

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

Witham did not submit the statutory filing fee of $402. *See* 28 U.S.C. § 1914(a) (requiring filing fee).[1] In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). The documents submitted by Witham substantially comply with that requirement and I therefore will grant in forma pauperis status. *See* 28 U.S.C. § 1915. The Clerk's office shall file the complaint without prepayment of the filing fee.

---

[1] This includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $52.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $52. . .").

## II. INITIAL REVIEW STANDARD

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, the Court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2).

In reviewing an in forma pauperis complaint, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim pursuant to § 1915(e)(2), courts generally rely on the standards articulated pursuant to Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to § 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *Id.* at 555, or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

## III. INITIAL REVIEW ANALYSIS

Witham sues her former employer, Cedar Rapids Lighthouse LTD, and the Iowa Employment Appeal Board. Doc. 1-1, at 3. She attached to her complaint a letter

2

explaining that she was requesting "an overview of my denied unemployment benefits." *Id.* at 6. She asserts that there was a "lack of proper investigation into my claim," she was "wrongfully terminated," and "[t]he false truths provided by my previous employer, and the lack of proper investigation on the behalf of the Iowa Unemployment Office, needs to be looked into further." *Id.*

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). A federal court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and cases for which diversity of citizenship jurisdiction exists under 28 U.S.C. § 1332. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006) (citations omitted). A federal court has the responsibility to consider the question of subject-matter jurisdiction *sua sponte* even if not raised by the parties. *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Witham asserts that a federal question under 28 U.S.C. § 1331 provides the basis for federal court jurisdiction. However, she fails to identify a federal statute or provision of the Constitution that is at issue in the case. Doc. 1-1 at 4. The unemployment laws enacted by Iowa, or any other state, do not constitute a federal statute or scheme. *See, e.g., Williams v. Unemployment Sec.*, No. 4:20CV1756 HEA, 2021 WL 3856584, at *2 (E.D. Mo. Aug. 30, 2021) (finding lack of federal subject matter jurisdiction because "Missouri unemployment law is not a basis for federal question jurisdiction and a division of the Missouri Department of Labor is not a federal agency."). Nothing in Witham's complaint gives any indication that a federal statute is at issue or that her claim arises under the Constitution or treaties of the United States. Nor does she invoke diversity of citizenship as a basis for jurisdiction.

Witham attached to her complaint the July 29, 2021, decision of an Administrative Law Judge (ALJ) from the Iowa Unemployment Insurance Appeals Bureau, along with the October 4, 2021, decision of the Employment Appeal Board. Doc. 1-1 at 8-13. The ALJ concluded that Witham was disqualified from receipt of unemployment benefits because she voluntarily left her employment. *Id.* at 12. The Employment Appeal Board affirmed the decision of the ALJ that Witham was not eligible for regular unemployment insurance and advised Witham that the decision becomes final unless she files a request for rehearing or a petition to the district court.[2] *Id.* at 8. Her claims herein appear solely related to the denial of unemployment benefits and the conclusion that she voluntarily left her job.[3] Therefore, federal jurisdiction is lacking and I must dismiss this action for lack of subjection matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

Even if this court arguably had subject matter jurisdiction, *Burford* abstention would counsel against the exercise of that jurisdiction. *See Burford v. Sun Oil Co.,* 319 U.S. 315 (1943). The *Burford* doctrine prevents federal courts from "resolving issues of state law and policy that are committed in the first instance to expert administrative resolution." *Adrian Energy Assoc. v. Michigan Pub. Serv. Comm'n*, 481 F.3d 414, 423 (2007); *see also Castaneda v. Swanson & Youngdale*, No. 1:16-CV-337, 2016 WL 7388552, at *2 (D.N.D. Dec. 21, 2016) (stating that, in a case seeking review of unemployment benefits denial, "even if the complaint was amended to include appropriate jurisdictional allegations, the court is likely to abstain from hearing the case given that it is an attack on a state administrative agency determination that is enforcing a regulatory program for which the State interest in having a uniform and coherent policy is strong

---

[2] This refers to the Iowa district court, not the federal district court. *See* Iowa Code § 96.6(3) (permitting appeal "to the district court"); Iowa Code § 602.6101 (establishing the "Iowa District Court" as Iowa's unified trial court of general jurisdiction.

[3] There is no allegation or evidence that Witham filed any civil rights claim related to wrongful discharge or discrimination with the Iowa Civil Rights Commission or the Equal Employment Opportunity Commission. Nor does she makes any retaliation assertions that would implicate Title VII.

and given that appeal to the state courts is available"). The Iowa state courts, not the federal courts, are the proper place for Witham to challenge the decision of the Iowa Employment Appeal Board's denial of benefits. *See, e.g., Sladek v. Emp. Appeal Bd.*, 939 N.W.2d 632 (Iowa 2020) (affirming administrative appeal challenging a final agency action of the Employment Appeal Board).

## IV. CONCLUSION

For the reasons set forth herein:

1. Witham's motion to proceed in forma pauperis (Doc. 1) is **granted**.
2. The Clerk's office shall docket the complaint (Doc. 1-1) without the prepayment of fees.
3. After an initial review, the complaint is **dismissed** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED** this 22nd day of December, 2022.

_____
Leonard T. Strand, Chief Judge